UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SHAUN MEYER, | 5:21-CV-05003-KES |
| Plaintiff, | |
| vs. | 1915A SCREENING ORDER FOR SERVICE |
| STEVEN MNUCHIN, | |
| Defendant. | |

Plaintiff, Shaun Meyer, filed a pro se lawsuit. Docket 1. This court granted Meyer leave to proceed in forma pauperis (Docket 9) and Meyer paid his initial partial filing fee on March 16, 2021. This court screens Meyer's complaint under 28 U.S.C. § 1915A.

## I.      Factual Background

The facts alleged in Meyer's complaint are: that he is incarcerated and entitled to receive the "2020 Economic Impact Payment" provided by the CARES Act. *See* Docket 1. Meyer claims that he filled out the necessary paperwork, a 1040 form, and has not received the payment. *Id.*

## II.     Legal Background and Analysis

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even

with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from

such relief." 28 U.S.C. § 1915A(b). At this time, the court cannot say that

Meyer's complaint is wholly without merit and directs service of his complaint.[1]

Thus, it is ORDERED:

1. That the Clerk of Court shall prepare and issue summonses for service of the complaint under Rule 4(i)(1) and (2) of the Federal Rules of Civil Procedure.

2. Defendant will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if defendant fall under Fed. R. Civ. P. 12(a)(2) or (3).

3. Meyer will keep the court informed of his current address at all times.

All parties are bound by the Federal Rules of Civil Procedure and by

the court's Local Rules while this case is pending.

Dated March 22, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] This court maintains a practice of directing the Clerk of Court to prepare and issue summonses when a federal defendant is sued in his/her official capacity in pro se cases.