UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SHAUN MEYER,<br><br>    Plaintiff,<br><br> vs.<br><br>STEVEN MNUCHIN,<br><br>    Defendant. | 5:21-CV-05003-KES<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

  Plaintiff, Shaun Meyer, is incarcerated and filed a *pro se* lawsuit. Docket 1. Meyer moves for summary judgment, to supplement his complaint, and to change venue. Dockets 6, 21, 25. Defendant,[1] the United States, moves to dismiss for failure to state a claim. Docket 23. For the following reasons, the United States's motion to dismiss is granted and the remaining motions are denied.

## BACKGROUND

  Meyer filed his complaint on January 6, 2021. Docket 1. He asks the court to instruct the United States to issue $1,200 EIPs (economic impact

---

[1] Although the caption states the defendant as Steven Mnuchin, the proper defendant is the United States. Meyer names Steven Mnuchin, a prior government official, as a party defendant and alleges acts taken in his official capacity. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) ("[A]n official capacity suit is tantamount to a claim against the government entity itself.") (internal quotations omitted); *Zinda v. Johnson*, 463 F. Supp. 2d 45, 48 (D.D.C. 2006) ("[S]uits for tax refunds or for damages should be brought against the United States").

payments) to incarcerated individuals "immediatly [sic] and without haste." *Id.* As authority for the relief sought, Meyer relies on the court's ruling in *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) (*Scholl II*). *Id. Scholl v. Mnuchin* was brought in 2020 by incarcerated and formerly incarcerated individuals who did not receive EIPs under the CARES Act (Coronavirus Aid, Relief, and Economic Security Act). *Id.*; *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (*Scholl I*). The United States claims that Meyer is part of the class formed in *Scholl*, and Meyer concedes that he is a member of the *Scholl* class in his motion to change venue. Docket 23 at 1; Docket 25 at 1.

Meyer asserts that the *Scholl* court "instructed the Internal Revenue Service to issue the EIP . . . of $1,200 [pursuant to the CARES Act] to all those who are incarcerated as long as the 1040 form was sent in by October 30, 2020." Docket 1 (referencing *Scholl II*). He states that his 1040 form was sent to the IRS via certified mail and signed for on October 20, 2020. *Id.* Meyer acknowledges that the *Scholl II* court instructed the IRS to issue CARES Act EIPs no later than December 31, 2020. *See id.*

In *Scholl II*, the court summarized the underlying issue that is central to Meyer's complaint:

> The CARES ACT, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a tax credit for eligible individuals in the amount of $1,200 . . . For purposes of the Act, an eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d). The EIP is an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. Paragraph (1) of subsection (f)

2

> provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." § 6428(f)(1).
>
> . . .
>
> Additionally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." [§ 6428(f)(3)].
>
> . . .
>
> On May 6, 2020, the IRS published responses to "Frequently Asked Questions" ("FAQ") on the IRS.gov website. Question 15 asked "Does someone who is incarcerated qualify for the Payment [i.e., an EIP]?" The IRS responded:
>
>> A15. No. A Payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments. A person is incarcerated if he or she is described in one or more of the clauses (i) through (v) of Section 202(x)(1)(A) of the Social Security Act (42 U.S.C. § 402(x)(1)(A)(i) through (v)). For a Payment made with respect to a joint return where only one spouse is incarcerated, you only need to return the portion of the Payment made on account of the incarcerated spouse. This amount will be $1,200 unless adjusted gross income exceeded $150,000.

*Scholl II*, 494 F. Supp. 3d at 670-71 (footnotes and internal citations omitted).

Based on the IRS's response, inmates filed suit and sought to certify a class.

In *Scholl I*, the court provisionally certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;

3

> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Scholl I*, 489 F. Supp. 3d at 1047.

In *Scholl II*, the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F. Supp. 3d at 692.

A permanent injunction was entered, and the IRS was to reconsider EIPs that were denied solely due to an individual's incarcerated status. *Id.* at 692-93. With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. . . . It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Id.* at 691.

4

## DISCUSSION

### I. Motion to Dismiss

The United States moves to dismiss Meyer's complaint for failure to state a claim because: (1) Meyer is a member of a certified class and is not entitled to a separate cause of action seeking identical relief as the certified class in *Scholl*; and (2) the *Scholl* court did not order the IRS to issue advance refund of tax credits under the CARES Act, and the CARES Act no longer authorizes the IRS to issue advance payment of tax credits. Docket 23 at 1-2.

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal is appropriate for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court construes "the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must also contain factual allegations that raise the "right to relief above the speculative level[.]" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (citation omitted). The court will, however, "reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997).

The United States claims that Meyer is part of the *Scholl* class, and Meyer concedes that he is a member of the *Scholl* class in his motion to change venue. Docket 23 at 1; Docket 25 at 1. There have been numerous district court cases like Meyer's since the CARES Act EIP deadline of December 31, 2020, that also involved an incarcerated individual suing the United States Department of Treasury Secretary to receive an EIP under the CARES Act. 26 U.S.C. § 6428; *See, e.g., Escamilla v. Dept. of Treas.*, 2021 WL 2805540 (N.D. Cal. July 6, 2021); *Phelps v. Mnuchin*, 2021 WL 2138506 (N.D. Ind. May 26, 2021); *Walters v. Mnuchin*, 2021 WL 2105387 (N.D. Ind. May 25, 2021); *McCreary v. I.R.S.*, 2021 WL 2936729 (N.D. Cal. May 13, 2021); *Wheat v. Mnuchin*, 2021 WL 1751299 (E.D. Mo. May 4, 2021); *Scott v. Yellen*, 2021 WL 981236 (N.D. Cal. March 16, 2021). The courts in these cases have universally ruled that a member of the *Scholl* class is not entitled to a separate cause of action, the CARES Act deadline for EIPs to be made or allowed has passed, and no more funds may be issued by the IRS. *See, e.g., Phelps*, 2021 WL 2138506 at *4; *Escamilla*, 2021 WL 2805540 at *3.

As in those cases, Meyer is incarcerated and part of the *Scholl* class. *See, e.g., Phelps*, 2021 WL 2138506 at *3; *Escamilla*, 2021 WL 2805540 at *3;* Docket 23 at 1; Docket 25 at 1. Just as the plaintiff did in *Phelps*, Meyer sent in his 1040 via certified mail by the deadline but did not receive his EIP. 2021 WL 2138506

at *1; Docket 1. Meyer then brought this complaint, but, as in *Phelps*, Meyer is already a member of the *Scholl* class and is not entitled to separate relief. 2021 WL 2138506 at *3; Docket 23 at 1; Docket 25 at 1.

Although Meyer claims he is the prevailing party from *Scholl II* and did not receive his payment, the court in *Scholl II* ruled that it was incumbent on the IRS, not the court, to make individual determinations on whether an individual was eligible and met the criteria delineated in the CARES Act. Docket 25 at 2*; See* 26 U.S.C. § 6428; *Scholl II*, 494 F. Supp. 3d at 691. "Timing and manner of payments" under the CARES Act states that, "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A). That deadline has passed, and no more funds may be issued.

Both courts in *Phelps* and *Escamilla* came to the same conclusion as this court does in regard to the relief being sought. *Phelps*, 2021 WL 2138506 at *3; *Escamilla*, 2021 WL 2805540 at *3. In those cases, and in this case, the plaintiff asked the court to compel the IRS to provide EIPs pursuant to the *Scholl* ruling or the CARES Act. *Phelps*, 2021 WL 2138506 at *3; *Escamilla*, 2021 WL 2805540 at *3; Docket 1. Although the court in *Scholl* found that EIPs could not be denied solely because of an individual's incarcerated status, the court took no position on specific individual payments owed. *Scholl II*, 494 F. Supp. 3d at 691. Instead, *Scholl* said the responsibility fell to the "IRS, not the court, to make determinations on whether an individual is eligible and 'meets the various criteria delineated in the Act.' " *Phelps*, 2021 WL 2138506 at *3

7

(*quoting Scholl II*). In both *Phelps* and *Escamilla*, the court found the plaintiffs were not entitled to relief because the deadline imposed by the CARES Act had passed. *Phelps*, 2021 WL 2138506 at *4; *Escamilla*, 2021 WL 2805540 at *3. Meyer is in the same position as the plaintiffs in *Phelps* and *Escamilla* and is not entitled to the relief he seeks in this case. Thus, the court grants the United States's motion to dismiss for failure to state a claim under Rule 12(b)(6).

## II.     Motion to Supplement

Before the United States filed its motion to dismiss, Meyer filed a motion to supplement the original complaint. Docket 21.

A court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A supplemental pleading, . . . is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D. Mo. 1939)).

> The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. Leave to file a supplemental complaint under Rule 15(d) rests with the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties. The court applies Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-the standard applicable to motions to amend under [Rule] 15(d) is essentially the same standard that applies to [Rule] 15(a).

*Smith v. Brown*, 4:16-CV-04014-LLP, 2018 WL 1440328, at *17 (D.S.D. Mar. 22, 2018) (quoting *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, 2011 WL 1326053, at *1 (D. Del. Apr. 5, 2011). "In exercising its discretion, the court should also consider whether 'the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action.' " *Id.* (quoting *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citations omitted)). A pleading is futile when it does not withstand a motion to dismiss under Rule 12(b)(6). *Moody v. Vozel*, 771 F.3d 1093, 1095 (8th Cir. 2014). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

      Meyer's motion notes that on April 2, 2021, he received a $1,400 EIP for 2021, but has yet to receive the $1,200 EIP for 2020 and the $600 EIP for 2021. Docket 21. Meyer's motion also requests that the United States pay all filing and paralegal fees. *Id.* Meyer is not entitled to separate relief under the *Scholl* class and the court in *Scholl II* took no position on whether class members were in fact owed EIPs. Fed. R. Civ. P. 23; 26 U.S.C. § 6428; *Scholl II*, 494 F. Supp. 3d at 691 (quotation omitted). The *Scholl* court noted that the declaratory relief did not encompass "an individualized award of monetary damages." *Scholl II,* 494 F. Supp. 3d at 691. Any tax rebate that Meyer might be eligible for must be applied for through his tax return, as it is the responsibility of the IRS, not the court, to make determinations on rebate or credit eligibility. 26 U.S.C. § 6428(B). Thus, the motion to supplement is denied as futile and Meyer's request for fees is denied.

9

Thus, it is ORDERED that

1. The United States's motion to dismiss (Docket 23) is granted.

2. Meyer's motion to supplement (Docket 21) is denied.

3. Meyer's motion for summary judgment (Docket 6) is denied as moot.

4. Meyer's motion for change of venue (Docket 25) is denied as moot.

DATED this 6th day of August, 2021.

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE